

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0616-25

### RONALD ALLEN AUSTIN, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

*Per curiam*.

## O P I N I O N

Appellant was convicted by a jury of murder. On appeal, he argued that there was error in the jury charge at the punishment stage. Appellant further argued that because his trial counsel had failed to object to errors in the charge, he was constructively denied counsel at a critical stage. Therefore, he said, prejudice was presumed under *United States v. Cronic*, 466 U.S. 648 (1984). The State's brief conceded error in the charge, but argued that defense counsel's failure to object did not constructively deny appellant of counsel; therefore *Strickland*, rather than *Cronic*, applied. *Strickland v. Washington*, 466 U.S. 668

(1984). In a reply to the State's brief, appellant agreed that *Strickland* was the proper standard and requested a review under *Strickland.*

The court of appeals held that appellant's claim failed because he did not argue the prejudice prong of *Strickland*:

> Assuming without deciding that counsel's performance in failing to object to the alleged charge errors was deficient, Appellant did not argue the prejudice prong of *Strickland*–there was a reasonable probability that but for counsel's performance the result of the proceeding would have been different. Failing to address prejudice results in the loss of his claim.

*Austin v. State*, No. 07-24-00308-CR slip op. at 4 (Tex. App.–Amarillo July 22, 2025) (footnote omitted).

Appellant has now filed a petition for discretionary review, arguing that contrary to the court of appeals' holding, he did make an argument on prejudice. He points to the following sentence in his brief on appeal:

> And even if such [harm] analysis could properly be applied, sufficient mitigating evidence indicates that had the jury been told Mr. Austin would have to serve half his sentence or 30 years, then based on Mr. Austin's advanced age and ill-health and the other matters, the jurors may well have decided on a lesser sentence.

Albeit brief, we agree that appellant presented a sufficient argument that the jury might have viewed the calculation of time differently under proper instructions, particularly given appellant's age and disability. A court of appeals must issue a written opinion "that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1.

We therefore grant ground (1) of Appellant's petition for discretionary review,

vacate the judgment of the court of appeals, and remand this case to that court for proceedings consistent with this opinion.[1]

DELIVERED:  October 16, 2025
DO NOT PUBLISH

---

[1] We refuse ground (2).